PROB 12C
(6/16)

Report Date: September 19, 2024

# United States District Court

#### for the

#### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 20, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Gregory D. Stewart                Case Number: 0980 2:17CR00055-TOR-1

Address of Offender: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: March 9, 2018

| | |
|---|---|
| Original Offense: | Conspiracy to Commit Child Sex Trafficking, 18 U.S.C. § 1594(c) |
| Original Sentence: | Prison - 102 Months; TSR - 144 Months |
| | Type of Supervision: Supervised Release |
| Amended Sentence: (November 28, 2018) | Prison - 102 Months; TSR - 144 Months |
| Asst. U.S. Attorney: | Michael Louis Vander Giessen |
| | Date Supervision Commenced: June 16, 2023 |
| Defense Attorney: | Justin Lonergan |
| | Date Supervision Expires: October 3, 2035 |

---

### PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 05/30/2024.

On October 5, 2023, Mr. Gregory Stewart signed his conditions relative to case number 2:17CR00055-TOR-1, indicating that he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision. |
| | **Supporting Evidence**: Mr. Stewart is alleged to have violated standard condition number 13 by failing to advise the undersigned officer when he was staying away from his address of record on or about September 14-16, and 18, 2024, as previously directed by the undersigned officer. |
| | In April 2024, Mr. Stewart separated from his then significant other and entered into what then became a temporary state of homelessness. Mr. Stewart has since been able to find temporary residency on a number of occasions, but for a multitude of reasons, none of the |

Prob12C
Re: Stewart, Gregory D.
September 19, 2024
Page 2

placements have proven to be long term. Unfortunately, Mr. Stewart has also begun a pattern of failing to advise the undersigned officer as to temporary changes in residency, or when staying away from his assigned address for periods of time, which has made supervising Mr. Stewart cumbersome for both the U.S. Probation Office and the Spokane County Sheriff's Office, with whom Mr. Stewart maintains registration requirements. During the intake process the undersigned officer consistently advises those under supervision of the requirement to advise the undersigned officer when staying away from their assigned residence, even temporarily, so as to allow for continued supervision in the community.

In late June 2024, Mr. Stewart transitioned temporarily to a residence in the Spokane Valley. Mr. Stewart indicated that he has updated his address with the Spokane County Sheriff's Office as required. In July 2024, the Spokane County Sheriff's Office indicated that they had no record of Mr. Stewart updating his address as required. Mr. Stewart was contacted and proved unable to produce his registration verification paperwork, although he remained adamant that he had done so. On July 16, 2024, Mr. Stewart was directed to report back to the agency, and on July 17, 2024, he provided current registration paperwork. The sheriff's office indicated their intent to not move forward with the identified concern related to his failure to register. The sheriff's office also advised the undersigned officer that on July 9, 2024, their agency had attempted to verify his registration at a previous place of residency, and Mr. Stewart contacted their agency and did verify that he had received the card at a previous residence. Mr. Stewart made no mention that he had since changed residency as a part of the verification process. Mr. Stewart was reminded of the importance that he keeps the undersigned officer and the sheriff's office apprised as to changes in residency in a timely fashion.

On August 6, 2024, the undersigned officer received notification from the sheriff's office that a detective had attempted to verify the subject's address of record, but was advised by a resident that the subject did not reside at the address. The undersigned officer made contact with the same resident on August 6, 2024, who initially indicated that the subject had moved from the residence the week prior. Mr. Stewart later refuted this, but did admit to having stayed at another previously approved residence on a periodic basis without notification to the U.S. Probation Office. Mr. Stewart was again counseled by the undersigned officer as to his need to advise the undersigned officer when away from his address of record, even if only for a night.

On August 10, 2024, Mr. Stewart again changed residency to a clean and sober apartment located in North Spokane. On August 14, 2024, the undersigned officer attempted to verify current residency in his newly established apartment, during which the undersigned officer was notified by a resident that Mr. Stewart did not reside at the apartment. Mr. Stewart was contacted, and he described residing in a different adjacent building with a different address, stating that he was moved by the landlord. Mr. Stewart stated he thought the buildings had the same address, which is why he did not advise the undersigned officer.

On September 18, 2024, at 8:30 p.m., unscheduled home contact was attempted with Mr. Stewart at his address of record. It should be noted that Mr. Stewart did previously advise the undersigned officer of his intent to stay with a girlfriend at a different residence on the nights of September 13 and 17, 2024. Mr. Stewart's roommates advised that they had not seen him in several days, and a phone call and text message to the subject went without response. Mr. Stewart was observed to have not signed in or out of the apartment logbook since September 15, 2024.

Prob12C
Re: Stewart, Gregory D.
September 19, 2024
Page 3

On September 19, 2024, Mr. Stewart did text the undersigned officer, and was contacted telephonically. Mr. Stewart admitted to staying at his girlfriend's residence since September 13, 2024, returning to his apartment briefly on September 15, 2024, but only for clothing. Mr. Stewart indicated that he had stayed away from his current apartment due to problems he was having with his roommates. Mr. Stewart admitted that he remained aware of this officer's standing directive that he advises the undersigned officer any time he remained away from his address of record.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 19, 2024

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

Thomas O. Rice
United States District Judge

September 20, 2024
Date