PROB 12C
(6/16)

Report Date: December 30, 2025

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 05, 2026

SEAN F. McAVOY, CLERK

# United States District Court

## for the

## Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Gregory D. Stewart | Case Number: 0980 2:17CR00055-TOR-1 |
| Address of Offender: ▮▮▮▮▮▮ Spokane, WA 99202 | |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: March 9, 2018

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy to Commit Child Sex Trafficking, 18 U.S.C. § 1594(c) | | |
| Original Sentence: | Prison - 102 Months;<br>TSR - 144 Months | Type of Supervision: Supervised Release | |
| Revocation Sentence:<br>(April 16, 2025) | Prison - 5 Months;<br>TSR - 120 Months | | |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: August 15, 2025 | |
| Defense Attorney: | Justin Lonergan | Date Supervision Expires: August 14, 2035 | |

## PETITIONING THE COURT

**To issue a WARRANT**

On August 20, 2025, Mr. Gregory Stewart signed his conditions relative to case number 2:17CR00055-TOR-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 5**: You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.<br><br>**Supporting Evidence**: Mr. Stewart is alleged to have violated mandatory condition number 5 on or about December 1, 2025, by failing to update his sex offender registration with the Spokane County Sheriff's Office as required, based on his own admission.<br><br>Specifically, on December 28, 2025, the undersigned officer received notification from the subject's current housing provider that Mr. Stewart had not been residing at his reported place of residency during the month of December 2025, and he further advised that Mr. |

Prob12C
Re: Stewart, Gregory D.
December 30, 2025
Page 2

Stewart had informed him that the undersigned officer had granted him permission to reside away from the residence. The undersigned officer responded to the provider, indicating that this officer had in fact provided Mr. Stewart explicit instruction that he was to only stay at his current approved place of residency, and not stay elsewhere without approval, which Mr. Stewart had not received during the month of December 2025.

Mr. Stewart is a registered sex offender and his compliance with the Sex Offender Registration and Notification Act (SORNA) is required as directed, according to his current judgement in a criminal case, dated April 16, 2025. In addition, as part of Mr. Stewart's intake for supervised release conducted on August 20, 2025, Mr. Stewart signed a document titled "Offender Notice and Acknowledgment of Duty to Register as a Sex Offender," outlining his requirement to register. The document specifically states that Mr. Stewart must register "not later than 3 business days after each change in name, residence, employment, or student status."

On December 29, 2025, Mr. Stewart reported to the U.S. Probation Office as directed to allow for further dialogue as to the concern reported by his housing provider. Mr. Stewart was confronted as to his reported change in residency, and he admitted that while he was unable to recall the specific date of the transition, that he likely had not stayed at his approved residence during December of 2025, consistent with the report provided by his housing provider. Mr. Stewart provided numerous reasons for the unreported change, to include that transportation was now easier for him, that he wanted to live with his wife, and that he did not have the financial means to pay for residency where he was previously residing.

Mr. Stewart further admitted to not updating his sex offender registration with the Spokane County Sheriff's Office, admitting that he was unsure of how to do so as he had not reported the change in address to the undersigned officer. Mr. Stewart also clarified that he was still be checking in at his reported place of residency during the day, but again reaffirmed that he had not been "sleeping" there during the month of December 2025.

On December 30, 2025, the Spokane County Sheriff's Office registration unit was contacted and verified that Mr. Stewart had not updated his address of residency with the agency until December 29, 2025.

2      **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

3      **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Stewart is alleged to have violated standard condition number 5 and standard condition number 13, by changing his address of residency, occurring on or about December 1, 2025, without the permission of the U.S. Probation Office and in conflict with instruction previously provided to him by the undersigned officer.

Prob12C
**Re: Stewart, Gregory D.**
**December 30, 2025**
**Page 3**

    Specifically, on October 2, 2025, the undersigned officer conducted a collateral home investigation with the subject's now stated wife, who herself was previously on federal supervision, having received early termination from the Court in March of 2025. While the residence itself was appropriate, Mr. Stewart was informed that the undersigned officer would require a period of sustained compliance from him prior to approving the address for his residency given his history of non-compliance, his now stated wife's previous criminal history, and given that Mr. Stewart has stated that past relationships had overwhelmed him, contributing to relapse. Mr. Stewart was encouraged to prioritize his own well being in the interim. Mr. Stewart was not restricted from having contact with the individual, but was provided instruction on multiple occasions that he was not to reside or spend the night at the residence.

    Mr. Stewart expressed significant disappointment with the undersigned officer's decision on numerous occasions, but acknowledged the directive. On December 28, 2025, the undersigned officer learned that Mr. Stewart had not been staying at his address of record during the month of December 2025, and upon being confronted, Mr. Stewart admitted the conduct. Mr. Stewart indicated that he still checked in at the apartment on a regular basis, but admitted that he had been sleeping and residing at his now stated wife's address in conflict with a directive provided by the undersigned officer, and without notification to the U.S. Probation Office or having received officer approval.

4    **Standard Condition # 4**: You must be truthful when responding to questions asked by your probation officer.

    **Supporting Evidence**: Mr. Stewart is alleged to have violated standard condition number 4 by being dishonest with the undersigned officer as to his living situation on or about December 18, 2025, during scheduled home contact.

    Specifically, on December 18, 2025, at approximately 6:18 p.m., an unscheduled home contact was attempted with Mr. Stewart at his approved place of residency. Contact was instead made with his roommate, who advised the undersigned officer that Mr. Stewart was not currently home. The undersigned officer was able to make contact with Mr. Stewart telephonically, who advised that he was visiting his stated wife, and who committed to meeting with the undersigned officer at the home in approximately 30 minutes.

    Subsequent scheduled home contact was conducted with Mr. Stewart at the address at approximately 7:57 p.m. During dialogue, Mr. Stewart was questioned as to his residing and sleeping at the residence every night as required. Mr. Stewart responded that he was. On December 29, 2025, Mr. Stewart reported to the U.S. Probation Office and admitted that he had not been staying at the residence in question during the month of December 2025, but he advised that he had been "checking in" there during the day.

5    **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

    **Supporting Evidence**: Mr. Stewart is alleged to have violated special condition number 5 by ingesting alcohol on or about December 18, 2025, based on urinalysis testing.

Prob12C
Re: Stewart, Gregory D.
December 30, 2025
Page 4

Specifically, on December 18, 2025, the undersigned officer conducted a scheduled home contact with Mr. Stewart at his then stated place of residency. During the contact, Mr. Stewart submitted to urinalysis testing as directed, the result of which reflected as being presumptive positive for alcohol. Mr. Stewart denied use of alcoholic beverages, but did admit to ingesting cough syrup to address recent illness. Mr. Stewart denied knowing whether the product contained alcohol and committed to providing the undersigned officer with a photo of the bottle; however, he later failed to provide the image as discussed, later clarifying that his stated wife had thrown the bottle out. The urinalysis sample was packaged and forwarded for laboratory verification.

On December 29, 2025, the lab results were received by the undersigned officer relative to the sample provided by Mr. Stewart, confirming the sample as being positive for alcohol. Mr. Stewart was again confronted as to the test result, and again claimed that his use of cough syrup was the only plausible explanation for the laboratory result.

The U.S. Probation Office respectfully recommends the Court **issue a WARRANT** requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 30, 2025

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice

Signature of Judicial Officer

January 2, 2026

Date